# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Creditincome Limited, et al. v. Swiss Confederation | S.D.N.Y. | Hon. Dale E. Ho |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 9/30/2025 | 24-cv-4316 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 10/27/2025 | ☐ Yes   ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:

Dennis H. Hranitzky
Quinn Emanuel Urquhart & Sullivan, LLP
2755 E. Cottonwood Pkwy, Ste. 520 Salt Lake City, UT 84121
801-515-7300; dennishranitzky@quinnemanuel.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:

William Savitt, Anitha Reddy
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street, New York, NY 10019
212-403-1000; WDSavitt@wlrk.com; AReddy@wlrk.com

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No |
|---|---|---|---|
| No (no transcribed proceedings) | 0 | 0 | If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

### 1. Federal Jurisdiction
☐ U.S. a party
☑ Federal question (U.S. not a party)
☐ Diversity
☐ Other (specify): _____

### 2. Appellate Jurisdiction
☑ Final Decision
☐ Interlocutory Decision Appealable As of Right
☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [x] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [x] Damages:
  - [x] Sought: $ 372 million
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [x] Other (specify): FSIA
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [x] Other (Specify): Conversion; GBL 349; Tortious Interference with contract

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [x] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes   [x] No

Will appeal raise a matter of first impression?
- [x] Yes   [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)  Arises from substantially the same case or controversy as this appeal?   [ ] Yes   [x] No

   (B)  Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes   [x] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 11/6/2025 | Signature of Counsel of Record: /s/ Dennis H. Hranitzky |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CIVIL PRE-ARGUMENT STATEMENT (FORM C)

ADDENDUM A

Case No. 25-2733

District Court Docket: 1:24-cv-4316-DEH

## I.      Nature of the Action

This case arises out of the Swiss Confederation's (Switzerland) March 19, 2023 conversion of debt securities known as Additional Tier 1 Bonds (AT1s) issued by Credit Suisse AG (Credit Suisse).

When Credit Suisse began to fail in Fall 2022, Switzerland declined to employ regulatory solutions to stave off contagion, such as bankruptcy, nationalization, or resolution.  It instead assumed the role of an investment bank, brokering the sale of Credit Suisse to another major Swiss bank, UBS Group AG (UBS).  Switzerland refused to consider other potential bidders.  This decision to exclude other potential buyers allowed UBS to dictate its own terms when it purchased Credit Suisse in March 2023.  These terms included: a price that was a fraction of Credit Suisse's worth, billions of dollars in guarantees from Switzerland, and, as relevant here, Switzerland issuing a "Write-Down Direction" that wiped out $17 billion in AT1s that Credit Suisse had issued.

The Write-Down Direction was unnecessary and unprecedented.  Numerous countries have contended with bank failures before; plenty have helped broker takeovers of one failing bank by another; but no country has ever facilitated the deal by having its executive branch issue an order that converted $17 billion in bonds.

The Write-Down Direction was also unlawful.  Indeed, Switzerland's Federal Administrative Court has ruled that the Write-Down Direction was unlawful under both the AT1s' terms and that Switzerland lacked legal authority to issue it. However, Swiss law requires anyone aggrieved by the Write-Down Direction to have sued to set aside the Write-Down Direction within 30 days of it issuing.  Most beneficial owners of the AT1s missed that short deadline, and thus will be unable to obtain any relief in Swiss court, even if the Swiss Supreme Court holds that the Write-Down Direction is unlawful.

1

Appellants are beneficial owners of AT1s who sued Switzerland in the U.S. District Court for the Southern District of New York for conversion, tortious interference with contract, violation of N.Y. Gen. Bus. L. § 349, and unjust enrichment under the third clause of the Foreign Sovereign Immunity Act's (FSIA) commercial activity exception, 28 U.S.C. § 1605(a)(2). That clause provides that a "foreign state shall not be immune … in any case—in which the action is based … upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." Appellants contended that the action is "based upon" the Write-Down Direction; that Switzerland issued the Write-Down Direction in connection with its efforts to broker UBS's purchase of Credit Suisse; that Switzerland's efforts to broker this takeover were "commercial" in nature; and that the Write-Down Direction had a direct effect in the United States because it wiped out AT1s that were held by the Depository Trust Corporation in New York.

Switzerland moved to dismiss for lack of jurisdiction, forum non conveniens, and failure to state a claim.

## II.  The Result Below

On September 30, 2025, the district court (Ho, J.) granted Switzerland's motion to dismiss for lack of jurisdiction under the FSIA. The court ruled that Switzerland's efforts to broker UBS's purchase of Credit Suisse were not commercial in nature, and therefore that no FSIA exception applied. The court did not reach Switzerland's other arguments for why no FSIA exception applied (*i.e.*, that the Write-Down Direction lacked a sufficient "connection" to its efforts to broker the UBS-Credit Suisse takeover, and that the Write-Down Direction did not cause a direct effect in the United States). The court also did not reach Switzerland's forum non conveniens and Fed. R. Civ. P. 12(b)(6) arguments.

## III.  Related Cases

There are no related cases that pose the same FSIA issues as this case. There are some pending cases that have been filed against Credit Suisse executives and auditors in connection with Credit Suisse's collapse, but the issues in those cases do not overlap with those here. There are no other cases in which Switzerland has been sued for issuing the Write-Down Direction or the novel legal issues that this case poses.

2

## IV.  Notice Of Appeal And Docket Sheet

Attached as Exhibit 1 is a copy of Appellants' Notice of Appeal filed below. Dkt. 107.

Attached as Exhibit 2 is a copy of the District Court Docket Sheet.

## V.  Relevant Opinions And Orders Forming The Basis Of The Appeal

Attached as Exhibit 3 is a copy of the Opinion and Order granting Switzerland's Fed. R. Civ. P. 12(b)(1) motion to dismiss.  Dkt. 105.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## CIVIL PRE-ARGUMENT STATEMENT (FORM C)

### ADDENDUM B

Case No. 25-2733

District Court Docket: 1:24-cv-4316-DEH

## I.　　Issues Proposed To Be Raised On Appeal

There is one issue on appeal:　Whether the district court erred in dismissing the case for lack of subject-matter jurisdiction under the FSIA.

## II.　　Applicable Appellate Standard Of Review

This Court reviews "a district court's decision concerning subject matter jurisdiction under the FSIA for clear error as to factual findings and *de novo* as to legal conclusions." *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 559 n.5 (2d Cir. 2020).　Here, the district court made no factual findings, and so this Court's review is entirely *de novo*.　*See, e.g.*, *Everard Findlay Consulting, LLC v. Republic of Suriname*, 831 F. App'x 599, 600 (2d Cir. 2020).

4

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CREDITINCOME LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE SWISS CONFEDERATION,<br><br>Defendant. | Case No.: 24-cv-04316-DEH |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiffs appeal to the United States Court of Appeals for the

Second Circuit from the Opinion and Order and final Judgment, entered September 30, 2025 (Dkts.

105 & 106), and from each and every part thereof, and any related rulings.

DATED:  October 27, 2025                    Respectfully submitted,

                                            QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

                                            By:     */s/ Dennis H. Hranitzky*
                                                    Dennis H. Hranitzky
                                                    Tanner S. Lyon (*Pro hac vice*)
                                                    2755 E. Cottonwood Pkwy, Ste. 430
                                                    Salt Lake City, UT 84121
                                                    801-515-7300 Main Office Number

                                                    Jeremy D. Andersen (*Pro hac vice*)
                                                    865 S. Figueroa St., 10th Floor
                                                    Los Angeles, CA 90017
                                                    213-443-3000 Main Office Number

                                                    Debra D. O'Gorman
                                                    295 5th Avenue
                                                    New York, NY 10016
                                                    212-849-7000 Main Office Number

                                                    Alex H. Loomis (*Pro hac vice*)
                                                    111 Huntington Ave, Suite 520
                                                    Boston, MA 02199
                                                    617-712-7100 Main Office Number

                                            WOLLMUTH MAHER & DEUTSCH LLP

                                                    David H. Wollmuth
                                                    Joshua M. Slocum
                                                    Sean P. McGonigle
                                                    500 Fifth Avenue
                                                    New York, NY 10110
                                                    212-382-3300 Main Office Number

                                                    *Counsel for Plaintiffs*

# EXHIBIT 2

Query    Reports    Utilities    Help    Log Out

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:24-cv-04316-DEH

Creditincome Limited et al v. The Swiss Confederation
Assigned to: Judge Dale E. Ho
Cause: 28:1605 Foreign Sovereign Immunities Act of 1976

Date Filed: 06/06/2024
Date Terminated: 09/30/2025
Jury Demand: None
Nature of Suit: 380 Personal Property:
Other
Jurisdiction: Federal Question

**Plaintiff**

**Creditincome Limited**                      represented by    **Alexander Hale Loomis**
Quinn Emanuel Urquhart & Sullivan LLP
111 Huntington Ave
Suite 520
Boston, MA 02199
617-712-7120
Email: alexloomis@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
Fax: (212) 382-0050
Email: DWollmuth@wmd-law.com
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
212-849-7000
Email: debraogorman@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
Quinn, Emanuel, Urquhart, Oliver &
Hedges, LLP (CA)
865 South Figueroa Street, 10th Flr.
Los Angeles, CA 90017
(213) 443-3000
Fax: (212) 443-3100

Email:
jeremyandersen@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10010
212-382-3300
Email: JSlocum@WMD-LAW.com
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
Wollmuth Maher & Deutsch
500 Fifth Ave.
New York
New York, NY 10110
212-382-3300
Email: nrende@wmd-law.com
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110
(212)-382-3300
Fax: (212)-382-0050
Email: smcgonigle@wmd-law.com
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
Quinn Emanuel Trial Lawyers
2755 E. Cottonwood Pkwy.
Suite 430
Salt Lake City, UT 84121
801-515-7300
Fax: 801-515-7400
Email: tannerlyon@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
Quinn Emanuel Urquhart & Sullivan, LLP
2755 E. Cottonwood Parkway
Suite 520
Salt Lake City, UT 84121
801-515-7300
Email:
dennishranitzky@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Creditincome Pension Scheme**                  represented by   **Alexander Hale Loomis**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **David H Wollmuth**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Debra Dubritz O'Gorman**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jeremy Daniel Andersen**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Joshua Mark Slocum**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Nicole Rende**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Sean Patrick McGonigle**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Tanner Lyon**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Dennis H. Hranitzky**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Double Plateau Holdings LLC**                  represented by   **Alexander Hale Loomis**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **David H Wollmuth**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Debra Dubritz O'Gorman**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jeremy Daniel Andersen**
                                                                  (See above for address)

*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Gi Rui Co., LTD.**                    represented by  **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Red White Investment, Ltd.**                    represented by    **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Rui Gi Lou International Co., LTD.**                    represented by    **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Solar Talent International Limited**          represented by     **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Springcore Ltd**                       represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Wollmuth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Dubritz O'Gorman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Daniel Andersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Mark Slocum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Rende**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Patrick McGonigle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Lyon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Westonbirt Fund LP**      represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund**      represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB SICAV I - All Market Income Portfolio**      represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Canada Core Plus Advanced Bond Fund**      represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Bond Fund, Inc. - AB Bond Inflation Strategy**      represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB SICAV I - Global Income Portfolio**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Skymark Company S.A.**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB SICAV I - Global Plus Fixed Income Portfolio**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Active ETFs, Inc. - AB High Yield ETF**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kamina Holdings Limited**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB SICAV I - Short Duration Income Portfolio**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Canada Core Plus Long Duration Bond Fund**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Song Wen Tyng**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rui Gi Lou International Co., LTD**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KSH Financial Holdings Limited**

represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Plaintiff**

| **Custody Bank of Japan, Ltd. as trustee**<br>**for 01229-1001/119701,**<br>**AllianceBernstein High Yield Open** | represented by | **Alexander Hale Loomis**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **AB SICAV I - US High Yield Portfolio** | represented by | **Alexander Hale Loomis**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **AB FCP I - American Income Portfolio** | represented by | **Alexander Hale Loomis**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **AB SICAV I - Global Dynamic Bond**<br>**Portfolio** | represented by | **Alexander Hale Loomis**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **AB SICAV I - Sustainable Euro High**<br>**Yield Portfolio** | represented by | **Alexander Hale Loomis**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Dennis H. Hranitzky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

**AB SICAV I - Financial Credit Portfolio**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raymond B.V.I. Limited**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB High Income Fund, Inc.**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AllianceBernstein Global High Income Fund, Inc.**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KSH Financial Holdings Limited**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Bond Fund, Inc. - AB Total Return Bond Portfolio**

    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AllianceBernstein Dynamic Global**          represented by   **Alexander Hale Loomis**
**Fixed Income Fund**                                          (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Dennis H. Hranitzky**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Custody Bank of Japan, Ltd. as trustee**     represented by   **Alexander Hale Loomis**
**for 01729-9180/901080, AB Global**                           (See above for address)
**Hybrid Securities Mother Fund**                              *ATTORNEY TO BE NOTICED*

                                                              **Dennis H. Hranitzky**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Bond Fund, Inc. - AB Income Fund**        represented by   **Alexander Hale Loomis**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Dennis H. Hranitzky**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Active ETFs, Inc. - AB Short**            represented by   **Alexander Hale Loomis**
**Duration Income ETF**                                        (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Dennis H. Hranitzky**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Exclusive Plus Project Management**          represented by   **Alexander Hale Loomis**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Dennis H. Hranitzky**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zhang Sherwin**        represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB FCP I - Global High Yield Portfolio**    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB LP**        represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Collective Investment Trust Series -**    represented by **Alexander Hale Loomis**
**AB US High Yield Collective Trust**        (See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sanford C. Bernstein Fund, Inc. -**    represented by **Alexander Hale Loomis**
**Overlay B Portfolio**        (See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AB Canada Core Plus Bond Fund**    represented by **Alexander Hale Loomis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis H. Hranitzky**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zhang Sherwin**                                   represented by **Alexander Hale Loomis**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sanford C. Bernstein Fund II, Inc. -**            represented by **Alexander Hale Loomis**
**Bernstein Intermediate Duration**                 (See above for address)
**Institutional Portfolio**                         *ATTORNEY TO BE NOTICED*

                                                    **Dennis H. Hranitzky**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bybrook Capital Master Fund LP**                  represented by **Alexander Hale Loomis**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Dennis H. Hranitzky**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Luen Po BVI**                                     represented by **Alexander Hale Loomis**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Swiss Confederation**                         represented by **William D Savitt**
                                                    Wachtell, Lipton, Rosen & Katz
                                                    51 West 52nd Street
                                                    New York, NY 10019
                                                    212-403-1329
                                                    Fax: (212) 403-2000
                                                    Email: WDSavitt@wlrk.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alexis Jacqueline Abboud**
                                                    Wachtell, Lipton, Rosen & Katz
                                                    51 W 52nd Street
                                                    New York, NY 10019
                                                    212-403-1023
                                                    Email: ajabboud@wlrk.com

*TERMINATED: 07/31/2025*
*ATTORNEY TO BE NOTICED*

**Anitha Reddy**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212)-403-1000
Fax: (212)-403-2183
Email: akreddy@wlrk.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2024 | 1 | COMPLAINT against The Swiss Confederation. (Filing Fee $ 405.00, Receipt Number ANYSDC-29450967)Document filed by Rui Gi Lou International Co., LTD., Double Plateau Holdings LLC, Solar Talent International Limited, Creditincome Pension Scheme, Springcore Ltd, Creditincome Limited, Gi Rui Co., LTD., Red White Investment, Ltd.. (Attachments: # 1 Exhibit A to Complaint).(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 2 | CIVIL COVER SHEET filed..(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to The Swiss Confederation, re: 1 Complaint,. Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd.. (Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Creditincome Limited..(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Creditincome Pension Scheme..(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 6 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Foursixthree Master Fund L.P. for Double Plateau Holdings LLC. Document filed by Double Plateau Holdings LLC..(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent RAMA Holdings Limited for Gi Rui Co., LTD.. Document filed by Gi Rui Co., LTD... (Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 8 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Red Investment Aggregator LP for Red White Investment, Ltd.. Document filed by Red White Investment, Ltd...(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 9 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Rui Gi Lou International Co., LTD...(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Solar Talent International Limited..(Hranitzky, Dennis) (Entered: |

SDNY CM/ECF NextGen Version 1.8.4                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?204112369250803-L_1_0-1

| | | |
|---|---|---|
| | | 06/06/2024) |
| 06/06/2024 | 11 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Springcore Ltd..(Hranitzky, Dennis) (Entered: 06/06/2024) |
| 06/06/2024 | 12 | NOTICE OF APPEARANCE by Debra Dubritz O'Gorman on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(O'Gorman, Debra) (Entered: 06/06/2024) |
| 06/07/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Dale E. Ho. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 06/07/2024) |
| 06/07/2024 | | Magistrate Judge Ona T. Wang is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 06/07/2024) |
| 06/07/2024 | | Case Designated ECF. (jgo) (Entered: 06/07/2024) |
| 06/07/2024 | 13 | ELECTRONIC SUMMONS ISSUED as to The Swiss Confederation..(jgo) (Entered: 06/07/2024) |
| 06/07/2024 | 14 | MOTION for Alex H. Loomis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29460257. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. (Attachments: # 1 Affidavit \| Declaration of Alex H. Loomis, # 2 Exhibit A - Certificate of Good Standing - MA, # 3 Exhibit B - Certificate of Good Standing - DC, # 4 Proposed Order for Admission Pro Hac Vice).(Loomis, Alexander) (Entered: 06/07/2024) |
| 06/07/2024 | 15 | MOTION for Jeremy D. Andersen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29460322. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. (Attachments: # 1 Affidavit \| Declaration of Jeremy D. Andersen, # 2 Exhibit A - Certificate of Good Standing - CA, # 3 Proposed Order for Admission Pro Hac Vice).(Andersen, Jeremy) (Entered: 06/07/2024) |
| 06/10/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 14 MOTION for Alex H. Loomis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29460257. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 06/10/2024) |

| | | |
|---|---|---|
| 06/10/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 15 MOTION for Jeremy D. Andersen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29460322. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 06/10/2024) |
| 06/10/2024 | 16 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on August 7, 2024, at 3:00 P.M. EST. The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 515 733 205, followed by the pound (#) sign. Initial Conference set for 8/7/2024 at 03:00 PM before Judge Dale E. Ho. (Signed by Judge Dale E. Ho on 6/10/2024) (rro) (Entered: 06/10/2024) |
| 06/10/2024 | 17 | MEMO ENDORSEMENT granting 14 Motion for Alex H. Loomis to Appear Pro Hac Vice. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to close the motion at ECF No. 14.. (Signed by Judge Dale E. Ho on 6/10/2024) (ks) (Entered: 06/10/2024) |
| 06/10/2024 | 18 | MEMO ENDORSEMENT granting 15 Motion for Jeremy D. Andersen to Appear Pro Hac Vice. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to close the motion at ECF No. 15.. (Signed by Judge Dale E. Ho on 6/10/2024) (ks) (Entered: 06/10/2024) |
| 06/12/2024 | 19 | LETTER MOTION to Adjourn Conference *and Requesting an order authorizing Plaintiffs to effect service of the summons and complaint on Switzerland pursuant to the Foreign Sovereign Immunities Act (FSIA) 28 U.S.C. § 1608(a)(4)* addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated June 12, 2024. Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Hranitzky, Dennis) (Entered: 06/12/2024) |
| 06/12/2024 | 20 | MOTION for Tanner S. Lyon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29480624. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. (Attachments: # 1 Affidavit | Declaration of Tanner S. Lyon, # 2 Exhibit A- Certificate of Good Standing, # 3 Proposed Order for Admission Pro Hac Vice).(Lyon, Tanner) (Entered: 06/12/2024) |
| 06/13/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 20 MOTION for Tanner S. Lyon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-29480624. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 06/13/2024) |
| 06/13/2024 | 21 | MEMO ENDORSEMENT granting 20 Motion for Tanner S. Lyon to Appear Pro Hac Vice. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to close themotion at ECF No. 20.. (Signed by Judge Dale E. Ho on 6/13/2024) (ks) (Entered: 06/13/2024) |

| 06/13/2024 | 22 | ORDER granting 19 Letter Motion to Adjourn Conference. Application GRANTED. Service pursuant to 28 U.S.C. § 1608(a)(4) is permitted for the reasons given in Plaintiffs' letter. The initial pretrial conference set for August 7, 2024, is ADJOURNED to September 18, 2024, at 3:30 P.M. EST. The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 515 733 205, followed by the pound sign (#). The parties shall file the required conference materials by September 11, 2024. So Ordered. The Clerk of Court is respectfully directed to close the motion at ECF No. 19.. (Signed by Judge Dale E. Ho on 6/13/2024) Initial Conference set for 9/18/2024 at 03:30 PM before Judge Dale E. Ho. (ks) (Entered: 06/13/2024) |
|---|---|---|
| 06/21/2024 | 23 | NOTICE OF APPEARANCE by David H Wollmuth on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Wollmuth, David) (Entered: 06/21/2024) |
| 06/21/2024 | 24 | NOTICE OF APPEARANCE by Joshua Mark Slocum on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Slocum, Joshua) (Entered: 06/21/2024) |
| 06/21/2024 | 25 | NOTICE OF APPEARANCE by Sean Patrick McGonigle on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(McGonigle, Sean) (Entered: 06/21/2024) |
| 06/21/2024 | 26 | NOTICE OF APPEARANCE by Nicole Rende on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Rende, Nicole) (Entered: 06/21/2024) |
| 06/21/2024 | 27 | CLERK CERTIFICATE OF MAILING of two copies of the 1. Complaint; 2. Summons; 3. Civil Cover Sheet; 4. Rule 7.1 Statements; 5. Notice of Suit Pursuant to 28 U.S.C. § 1608(a)(4) and 22 C.F.R. § 93.2; 6. Foreign Sovereign Immunities Act of 1976; 7. Affidavits of Translators for each document mailed to The Swiss Confederation Federal Department of Foreign Affairs Federal Palace West Wing CH-3003 Bern, Switzerland on 6/21/2024 by Federal Express tracking # 7769 2000 3948, via dispatch to the Secretary of State, Attn: Director of Consular Services, Office of Policy Review and Inter-Agency Liaison (L/CA/POG/GC), U.S. Department of State, SA-17, 10th Floor, 2201 C Street NW, Washington, DC 20522, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(4). (ras) (Entered: 06/21/2024) |
| 08/21/2024 | 28 | LETTER MOTION to Adjourn Conference addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated August 21, 2024. Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Hranitzky, Dennis) (Entered: 08/21/2024) |
| 08/21/2024 | 29 | ORDER granting 28 Letter Motion to Adjourn Conference. Application GRANTED. The conference scheduled for September 18 and the deadline to submit materials in advance of the conference are ADJOURNED, sine die. Plaintiff shall file a status letter regarding service on September 27, 2024, and every forty-five days thereafter, until Defendant appears in this action. So Ordered.. (Signed by Judge Dale E. Ho on |

| | | |
|---|---|---|
| | | 8/21/2024) (ks) (Entered: 08/21/2024) |
| 09/10/2024 | 32 | CLERK CERTIFICATE OF MAILING RECEIVED for 1. Complaint; 2. Summons; 3. Civil Cover Sheet; 4. Rule 7.1 Statements; 5. Notice of Suit Pursuant to 28 U.S.C. § 1608(a)(4) and 22 C.F.R. § 93.2; 6. Foreign Sovereign Immunities Act of 1976; 7. Affidavits of Translators mailed to The Swiss Confederation Federal Department of Foreign Affairs Federal Palace West Wing CH-3003 Bern, Switzerland on 6/21/2024 by Federal Express tracking # 7769 2000 3948, as per 27 Clerk Certificate of Mailing. RECEIVED ON: 9/10/2024. (ras) (Entered: 10/01/2024) |
| 09/25/2024 | 30 | DECLARATION of Debra O'Gorman re: 27 Clerk Certificate of Mailing,,, . Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. (Attachments: # 1 Exhibit A - Letter).(O'Gorman, Debra) (Entered: 09/25/2024) |
| 09/27/2024 | 31 | LETTER addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated 9/27/2024 re: Plaintiffs' status letter regarding service on Defendant. Document filed by Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd..(Hranitzky, Dennis) (Entered: 09/27/2024) |
| 10/04/2024 | 33 | NOTICE OF APPEARANCE by William D Savitt on behalf of The Swiss Confederation..(Savitt, William) (Entered: 10/04/2024) |
| 10/04/2024 | 34 | LETTER MOTION for Extension of Time addressed to Judge Dale E. Ho from William Savitt dated October 4, 2024. Document filed by The Swiss Confederation.. (Savitt, William) (Entered: 10/04/2024) |
| 10/09/2024 | 35 | NOTICE OF INITIAL PRETRIAL CONFERENCE: This case has been assigned to me for all purposes. By letter dated October 4, 2024, Defendant The Swiss Confederation requests an extension of time to answer, move, or otherwise respond to the Complaint. The Plaintiff consents to the extension. It is hereby ORDERED that the Defendants request is GRANTED. Defendants shall answer or move by December 4, 2024. Plaintiff shall respond by January 8, 2025. Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on February 5, 2025 at 10:00 AM. The conference will take place via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 409 895 652, followed by the pound (#) sign. As further set forth in this Order. The Clerk of Court is respectfully directed to close ECF No. 34. SO ORDERED (Signed by Judge Dale E. Ho on 10/7/2024) The Swiss Confederation answer due 12/4/2024.( Motions due by 12/4/2024., Responses due by 1/8/2025) Initial Conference set for 2/5/2025 at 10:00 AM before Judge Dale E. Ho. (ks) (Entered: 10/09/2024) |
| 12/04/2024 | 36 | NOTICE OF APPEARANCE by Anitha Reddy on behalf of The Swiss Confederation..(Reddy, Anitha) (Entered: 12/04/2024) |
| 12/04/2024 | 37 | MOTION to Dismiss . Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 12/04/2024) |
| 12/04/2024 | 38 | MEMORANDUM OF LAW in Support re: 37 MOTION to Dismiss . . Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 12/04/2024) |

| | | |
|---|---|---|
| 12/04/2024 | 39 | DECLARATION of Anitha Reddy in Support re: 37 MOTION to Dismiss .. Document filed by The Swiss Confederation. (Attachments: # 1 Exhibit 01 - Prospectus for AT1 Notes Issued on December 11, 2013, # 2 Exhibit 02 - Prospectus for AT1 Notes Issued on June 18, 2014, # 3 Exhibit 03 - Prospectus for AT1 Notes Issued on July 16, 2018, # 4 Exhibit 04 - Prospectus for AT1 Notes Issued on September 12, 2018, # 5 Exhibit 05 - Prospectus for AT1 Notes Issued on August 21, 2019, # 6 Exhibit 06 - Prospectus for AT1 Notes Issued on January 24, 2020, # 7 Exhibit 07 - Prospectus for AT1 Notes Issued on August 11, 2020, # 8 Exhibit 08 - Prospectus for AT1 Notes Issued on December 9, 2020, # 9 Exhibit 09 - Prospectus for AT1 Notes Issued on June 23, 2022).(Reddy, Anitha) (Entered: 12/04/2024) |
| 12/04/2024 | 40 | DECLARATION of Ulysses von Salis in Support re: 37 MOTION to Dismiss .. Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 12/04/2024) |
| 12/04/2024 | 41 | NOTICE OF APPEARANCE by Alexis Jacqueline Abboud on behalf of The Swiss Confederation..(Abboud, Alexis) (Entered: 12/04/2024) |
| 12/11/2024 | 42 | NOTICE OF CHANGE OF ADDRESS by Dennis H. Hranitzky on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. New Address: Quinn Emanuel Urquhart & Sullivan, LLP, 295 5th Ave., New York, New York, United States 10016, 212-849-7000..(Hranitzky, Dennis) (Entered: 12/11/2024) |
| 12/11/2024 | 43 | NOTICE OF CHANGE OF ADDRESS by Debra Dubritz O'Gorman on behalf of Creditincome Limited, Creditincome Pension Scheme, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. New Address: Quinn Emanuel Urquhart & Sullivan, LLP, 295 5th Ave., New York, New York, United States 10016, 212-849-7000..(O'Gorman, Debra) (Entered: 12/11/2024) |
| 01/08/2025 | 44 | FIRST AMENDED COMPLAINT amending 1 Complaint, against The Swiss Confederation, Westonbirt Fund LP, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, AB SICAV I - All Market Income Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB SICAV I - Global Income Portfolio, Skymark Company S.A., Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB Active ETFs, Inc. - AB High Yield ETF, Kamina Holdings Limited, AB SICAV I - Short Duration Income Portfolio, AB Canada Core Plus Long Duration Bond Fund, Song Wen Tyng, Rui Gi Lou International Co., LTD, KSH Financial Holdings Limited, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, AB SICAV I - US High Yield Portfolio, AB FCP I - American Income Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - Financial Credit Portfolio, Raymond B.V.I. Limited, AB High Income Fund, Inc., AllianceBernstein Global High Income Fund, Inc., AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, AB Bond Fund, Inc. - AB Income Fund, AB Active ETFs, Inc. - AB Short Duration Income ETF, Exclusive Plus Project Management, Zhang Sherwin, AB FCP I - Global High Yield Portfolio, AB LP, AB Collective Investment Trust Series - AB US High Yield Collective Trust, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, AB |

| | | |
|---|---|---|
| | | Canada Core Plus Bond Fund, Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Bybrook Capital Master Fund LP.Document filed by Solar Talent International Limited, Creditincome Pension Scheme, Creditincome Limited, Rui Gi Lou International Co., LTD., Double Plateau Holdings LLC, Springcore Ltd, Gi Rui Co., LTD., Red White Investment, Ltd., Westonbirt Fund LP, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, AB SICAV I - All Market Income Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB SICAV I - Global Income Portfolio, Skymark Company S.A., Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB Active ETFs, Inc. - AB High Yield ETF, Kamina Holdings Limited, AB SICAV I - Short Duration Income Portfolio, AB Canada Core Plus Long Duration Bond Fund, Song Wen Tyng, Rui Gi Lou International Co., LTD, KSH Financial Holdings Limited, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, AB SICAV I - US High Yield Portfolio, AB FCP I - American Income Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - Financial Credit Portfolio, Raymond B.V.I. Limited, AB High Income Fund, Inc., AllianceBernstein Global High Income Fund, Inc., AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, AB Bond Fund, Inc. - AB Income Fund, AB Active ETFs, Inc. - AB Short Duration Income ETF, Exclusive Plus Project Management, Zhang Sherwin, AB FCP I - Global High Yield Portfolio, AB LP, AB Collective Investment Trust Series - AB US High Yield Collective Trust, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, AB Canada Core Plus Bond Fund, Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Bybrook Capital Master Fund LP. Related document: 1 Complaint,. (Attachments: # 1 Exhibit A - Plaintiff Holdings).(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 45 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Active ETFs, Inc. - AB High Yield ETF..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 46 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Active ETFs, Inc. - AB Short Duration Income ETF.. (Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 47 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Bond Fund, Inc. - AB Bond Inflation Strategy..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 48 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Bond Fund, Inc. - AB Income Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 49 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Bond Fund, Inc. - AB Total Return Bond Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 50 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Canada Core Plus Advanced Bond Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |

SDNY CM/ECF NextGen Version 1.8.4                      https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?204112369250803-L_1_0-1

| | | |
|---|---|---|
| 01/08/2025 | 51 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Canada Core Plus Bond Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 52 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Canada Core Plus Long Duration Bond Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 53 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB Collective Investment Trust Series - AB US High Yield Collective Trust..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 54 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB FCP I - American Income Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 55 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB FCP I - Global High Yield Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 56 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB High Income Fund, Inc...(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 57 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB LP..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 58 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - All Market Income Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 59 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Financial Credit Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 60 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Global Dynamic Bond Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 61 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Global Income Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 62 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Global Plus Fixed Income Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 63 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Short Duration Income Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 64 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - Sustainable Euro High Yield Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |

| 01/08/2025 | 65 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AB SICAV I - US High Yield Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| --- | --- | --- |
| 01/08/2025 | 66 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AllianceBernstein Dynamic Global Fixed Income Fund.. (Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 67 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by AllianceBernstein Global High Income Fund, Inc...(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 68 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bybrook Capital Master Fund LP..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 69 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 70 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 71 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Exclusive Plus Project Management..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 72 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent KSH Financial Holdings Limited for Kamina Holdings Limited. Document filed by Kamina Holdings Limited..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 73 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by KSH Financial Holdings Limited..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 74 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Apexchamp Ventures Limited for Luen Po BVI. Document filed by Luen Po BVI.. (Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 75 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 76 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Apexchamp Ventures Limited for Raymond B.V.I. Limited. Document filed by Raymond B.V.I. Limited..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 77 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 78 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |

| 01/08/2025 | 79 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| --- | --- | --- |
| 01/08/2025 | 80 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Skymark Company S.A...(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/08/2025 | 81 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Westonbirt Fund LP..(Hranitzky, Dennis) (Entered: 01/08/2025) |
| 01/26/2025 | 82 | LETTER MOTION for Extension of Time addressed to Judge Dale E. Ho from William Savitt dated January 26, 2025. Document filed by The Swiss Confederation..(Savitt, William) (Entered: 01/26/2025) |
| 01/28/2025 | 83 | ORDER granting 82 Letter Motion for Extension of Time. Application GRANTED. Defendant shall respond to the First Amended Complaint by February 21, 2025. The conference scheduled for February 5, 2025, is ADJOURNED to March 5, 2025, at 10:00 A.M. EST. The parties shall join the conference by dialing 646 453 4442 and entering Phone Conference ID: 409 895 652 followed by the pound (#) sign. By February 26, 2025, the parties shall file a proposed case management plan and joint letter on ECF in accordance with this Court's Individual Rule 3.c and as outlined in this Court's Notice of Initial pretrial Conference, ECF No. 35. SO ORDERED. The Clerk of Court is respectfully directed to terminate ECF No. 82.. (Signed by Judge Dale E. Ho on 1/27/2025) (ks) (Entered: 01/28/2025) |
| 01/28/2025 |  | Set/Reset Deadlines: The Swiss Confederation answer due 2/21/2025., Set/Reset Hearings:( Initial Conference set for 3/5/2025 at 10:00 AM before Judge Dale E. Ho.) (ks) (Entered: 01/28/2025) |
| 02/21/2025 | 84 | MOTION to Dismiss *the Amended Complaint*. Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 02/21/2025) |
| 02/21/2025 | 85 | MEMORANDUM OF LAW in Support re: 84 MOTION to Dismiss *the Amended Complaint*. . Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 02/21/2025) |
| 02/21/2025 | 86 | DECLARATION of Anitha Reddy in Support re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by The Swiss Confederation. (Attachments: # 1 Exhibit 1 - Prospectus for AT1 Notes Issued on December 11, 2013, # 2 Exhibit 2 - Prospectus for AT1 Notes Issued on June 18, 2014, # 3 Exhibit 3 - Prospectus for AT1 Notes Issued on July 16, 2018, # 4 Exhibit 4 - Prospectus for AT1 Notes Issued on September 12, 2018, # 5 Exhibit 5 - Prospectus for AT1 Notes Issued on August 21, 2019, # 6 Exhibit 6 - Prospectus for AT1 Notes Issued on January 24, 2020, # 7 Exhibit 7 - Prospectus for AT1 Notes Issued on August 11, 2020, # 8 Exhibit 8 - Prospectus for AT1 Notes Issued on December 9, 2020, # 9 Exhibit 9 - Prospectus for AT1 Notes Issued on June 23, 2022).(Reddy, Anitha) (Entered: 02/21/2025) |
| 02/21/2025 | 87 | DECLARATION of Ulysses von Salis in Support re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 02/21/2025) |
| 02/26/2025 | 88 | JOINT LETTER addressed to Judge Dale E. Ho from Dennis H. Hranitzky and William Savitt dated February 26, 2025 re: Status of Litigation. Document filed by Creditincome Limited, Westonbirt Fund LP, The Nomura Trust and Banking Co., Ltd. |

as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, AB SICAV I - All Market Income Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB SICAV I - Global Income Portfolio, Skymark Company S.A., Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB Active ETFs, Inc. - AB High Yield ETF, Kamina Holdings Limited, AB SICAV I - Short Duration Income Portfolio, AB Canada Core Plus Long Duration Bond Fund, Song Wen Tyng, Rui Gi Lou International Co., LTD, KSH Financial Holdings Limited, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, AB SICAV I - US High Yield Portfolio, AB FCP I - American Income Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - Financial Credit Portfolio, Raymond B.V.I. Limited, AB High Income Fund, Inc., AllianceBernstein Global High Income Fund, Inc., AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, AB Bond Fund, Inc. - AB Income Fund, AB Active ETFs, Inc. - AB Short Duration Income ETF, Exclusive Plus Project Management, Zhang Sherwin, AB FCP I - Global High Yield Portfolio, AB LP, AB Collective Investment Trust Series - AB US High Yield Collective Trust, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, AB Canada Core Plus Bond Fund, Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Bybrook Capital Master Fund LP, Creditincome Pension Scheme, Luen Po BVI, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd. (Attachments: # 1 Exhibit 1 - Proposed Civil Case Management Plan and Scheduling Order).(Hranitzky, Dennis) (Entered: 02/26/2025)

| 02/26/2025 | 89 | LETTER MOTION for Extension of Time *Plaintiffs' time to respond to the Motion to Dismiss* addressed to Judge Dale E. Ho from Alex H. Loomis dated February 26, 2025. Document filed by Creditincome Limited, Westonbirt Fund LP, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, AB SICAV I - All Market Income Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB SICAV I - Global Income Portfolio, Skymark Company S.A., Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB Active ETFs, Inc. - AB High Yield ETF, Kamina Holdings Limited, AB SICAV I - Short Duration Income Portfolio, AB Canada Core Plus Long Duration Bond Fund, Song Wen Tyng, Rui Gi Lou International Co., LTD, KSH Financial Holdings Limited, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, AB SICAV I - US High Yield Portfolio, AB FCP I - American Income Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - Financial Credit Portfolio, Raymond B.V.I. Limited, AB High Income Fund, Inc., AllianceBernstein Global High Income Fund, Inc., AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, AB Bond Fund, Inc. - AB Income Fund, AB Active ETFs, Inc. - AB Short Duration Income ETF, Exclusive Plus Project Management, Zhang Sherwin, AB FCP I - Global High Yield Portfolio, AB LP, AB Collective Investment Trust Series - AB US High Yield Collective Trust, Sanford C. Bernstein |

| | | |
|---|---|---|
| | | Fund, Inc. - Overlay B Portfolio, AB Canada Core Plus Bond Fund, Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Bybrook Capital Master Fund LP, Creditincome Pension Scheme, Luen Po BVI, Double Plateau Holdings LLC, Gi Rui Co., LTD., Red White Investment, Ltd., Rui Gi Lou International Co., LTD., Solar Talent International Limited, Springcore Ltd.. (Loomis, Alexander) (Entered: 02/26/2025) |
| 03/04/2025 | 90 | ORDER: On February 26, 2025, the parties filed a joint status letter and proposed case management plan in advance of the initial pre-trial conference scheduled for March 5, 2025, at 10:00 A.M. EST. No significant issues were presented in the parties' materials. It is hereby ORDERED that the initial pretrial conference is CANCELLED. If the parties wish to proceed with the conference, they shall promptly file a letter on ECF so the conference can be reinstated on the Court's calendar. Should the Court ultimately deny Defendant's pending Motion to Dismiss, ECF No. 84, the parties shall submit an amended proposed case management plan with dates certain within two weeks of the Court's decision. SO ORDERED. (Signed by Judge Dale E. Ho on 3/4/2025) (ks) (Entered: 03/04/2025) |
| 03/04/2025 | 91 | ORDER granting 89 Letter Motion for Extension of Time. Application GRANTED. Plaintiffs shall file their opposition to Defendant's Motion to Dismiss by April 4, 2025. Defendant shall file a reply, if any, by May 5, 2025. SO ORDERED. The Clerk of Court is respectfully directed to terminate ECF No. 89.. (Signed by Judge Dale E. Ho on 3/4/2025) (ks) (Entered: 03/04/2025) |
| 03/04/2025 | | Set/Reset Deadlines: Responses due by 4/4/2025 Replies due by 5/5/2025. (ks) (Entered: 03/04/2025) |
| 04/04/2025 | 92 | MEMORANDUM OF LAW in Opposition re: 84 MOTION to Dismiss *the Amended Complaint*. . Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein |

| | | |
|---|---|---|
| | | Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP..(Hranitzky, Dennis) (Entered: 04/04/2025) |
| 04/04/2025 | 93 | DECLARATION of Markus Müller-Chen in Opposition re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP. (Attachments: # 1 Exhibit 1 - CV Prof. Müller-Chen, # 2 Exhibit 2 - Ulysses von Salis - Niederer Kraft Frey, # 3 Exhibit 3 - Keller-Sutter is advised by CS's in-house law firm, # 4 Exhibit 4 - Decision of the Swiss Federal Tribunal of February 23, 2004, # 5 Exhibit 5 - Decision of the Swiss Federal Administrative Tribunal of July 31, 2009, # 6 Exhibit 6 - Decisions of the Swiss Federal Tribunal of Oct. 28, 2021, Aug. 21, 2020 & Sept. 24, 1993).(Hranitzky, Dennis) (Entered: 04/04/2025) |
| 04/04/2025 | 94 | DECLARATION of Dennis H. Hranitzky in Opposition re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension |

| | | |
|---|---|---|
| | | Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP. (Attachments: # 1 Exhibit 1 - BGE 140 I 2 consid. 9.2.2, # 2 Exhibit 2 - BGE 125 I 166 consid. 2.a, # 3 Exhibit 3 - BGE 125 II 326 consid. 10.b, # 4 Exhibit 4 - BGE 123 IV 29 consid. 3a, # 5 Exhibit 5 - Arts. 184 & 185 of the Swiss Constitution). (Hranitzky, Dennis) (Entered: 04/04/2025) |
| 05/05/2025 | 95 | REPLY MEMORANDUM OF LAW in Support re: 84 MOTION to Dismiss *the Amended Complaint*. . Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 05/05/2025) |
| 05/05/2025 | 96 | DECLARATION of Anitha Reddy in Support re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by The Swiss Confederation. (Attachments: # 1 Exhibit 1 - Hranitzky Interview Transcript, # 2 Exhibit 2 - Quinn Emanuel Press Release).(Reddy, Anitha) (Entered: 05/05/2025) |
| 05/05/2025 | 97 | DECLARATION of Ulysses von Salis in Support re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by The Swiss Confederation..(Reddy, Anitha) (Entered: 05/05/2025) |
| 05/05/2025 | 98 | DECLARATION of Marc Mauerhofer in Support re: 84 MOTION to Dismiss *the Amended Complaint*.. Document filed by The Swiss Confederation. (Attachments: # 1 Exhibit 1 - FINMA Report).(Reddy, Anitha) (Entered: 05/05/2025) |
| 05/21/2025 | 99 | LETTER MOTION for Leave to File Sur-Reply addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated May 21, 2025. Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH |

SDNY CM/ECF NextGen Version 1.8.4                                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?204112369250803-L_1_0-1

| | | |
|---|---|---|
| | | Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP..(Hranitzky, Dennis) (Entered: 05/21/2025) |
| 05/27/2025 | 100 | LETTER RESPONSE in Opposition to Motion addressed to Judge Dale E. Ho from William Savitt dated May 27, 2025 re: 99 LETTER MOTION for Leave to File Sur-Reply addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated May 21, 2025. . Document filed by The Swiss Confederation..(Savitt, William) (Entered: 05/27/2025) |
| 05/28/2025 | 101 | ORDER denying 99 Letter Motion for Leave to File Document. Application DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 99. (Signed by Judge Dale E. Ho on 5/28/2025) (jjc) (Entered: 05/28/2025) |
| 06/05/2025 | 102 | LETTER addressed to Judge Dale E. Ho from Dennis H. Hranitzky dated June 5, 2025 re: Explain why oral argument on motion to dismiss will benefit the Court. Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP..(Hranitzky, Dennis) (Entered: 06/05/2025) |
| 07/30/2025 | 103 | MOTION for Alexis J. Abboud to Withdraw as Attorney . Document filed by The Swiss Confederation..(Abboud, Alexis) (Entered: 07/30/2025) |
| 07/31/2025 | 104 | MEMO ENDORSEMENT granting 103 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully |

| | | directed to terminate Attorney Alexis J. Abboud from the docket in this case. The Clerk of Court is also respectfully directed to terminate ECF No. 103.. (Signed by Judge Dale E. Ho on 7/31/2025) Attorney Alexis Jacqueline Abboud terminated (ks) (Entered: 07/31/2025) |
|---|---|---|
| 09/30/2025 | 105 | OPINION AND ORDER re: 84 MOTION to Dismiss *the Amended Complaint*. filed by The Swiss Confederation. For the reasons explained above, Switzerland's Motion to Dismiss is GRANTED. The Amended Complaint is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully requested to terminate ECF No. 84 and terminate this case. (And as further set forth herein.)SO ORDERED. (Signed by Judge Dale E. Ho on 9/30/2025) (jca) Transmission to Orders and Judgments Clerk for processing. (Entered: 09/30/2025) |
| 09/30/2025 | 106 | CLERK'S JUDGMENT re: 105 Memorandum & Opinion in favor of The Swiss Confederation against AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Westonbirt Fund LP, Song Wen Tyng, Zhang Sherwin. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 30, 2025, Switzerland's Motion to Dismiss is GRANTED. The Amended Complaint is dismissed with prejudice for lack of subject matter jurisdiction; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 9/30/2025) (Attachments: # 1 Appeal Package) (km) (Entered: 10/02/2025) |
| 10/27/2025 | 107 | NOTICE OF APPEAL from 106 Clerk's Judgment,,,,,, 105 Memorandum & Opinion,,. Document filed by AB Active ETFs, Inc. - AB High Yield ETF, AB Active ETFs, Inc. - AB Short Duration Income ETF, AB Bond Fund, Inc. - AB Bond Inflation Strategy, AB Bond Fund, Inc. - AB Income Fund, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB Canada Core Plus Advanced Bond Fund, AB Canada Core Plus Bond Fund, AB Canada Core Plus Long Duration Bond Fund, AB Collective Investment |

| | | |
|---|---|---|
| | | Trust Series - AB US High Yield Collective Trust, AB FCP I - American Income Portfolio, AB FCP I - Global High Yield Portfolio, AB High Income Fund, Inc., AB LP, AB SICAV I - All Market Income Portfolio, AB SICAV I - Financial Credit Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AB SICAV I - Global Income Portfolio, AB SICAV I - Global Plus Fixed Income Portfolio, AB SICAV I - Short Duration Income Portfolio, AB SICAV I - Sustainable Euro High Yield Portfolio, AB SICAV I - US High Yield Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, AllianceBernstein Global High Income Fund, Inc., Bybrook Capital Master Fund LP, Creditincome Limited, Creditincome Pension Scheme, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Double Plateau Holdings LLC, Exclusive Plus Project Management, Gi Rui Co., LTD., KSH Financial Holdings Limited, Kamina Holdings Limited, Luen Po BVI, Raymond B.V.I. Limited, Red White Investment, Ltd., Rui Gi Lou International Co., LTD, Rui Gi Lou International Co., LTD., Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, Zhang Sherwin, Skymark Company S.A., Solar Talent International Limited, Springcore Ltd, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, Song Wen Tyng, Westonbirt Fund LP. Filing fee $ 605.00, receipt number ANYSDC-31906285. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Hranitzky, Dennis) (Entered: 10/27/2025) |
| 10/27/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 107 Notice of Appeal. (tp) (Entered: 10/27/2025) |
| 10/27/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 107 Notice of Appeal,,,,, filed by Springcore Ltd, AB Canada Core Plus Bond Fund, Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio, AB FCP I - American Income Portfolio, Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio, AllianceBernstein Global High Income Fund, Inc., AB Bond Fund, Inc. - AB Bond Inflation Strategy, Rui Gi Lou International Co., LTD, Gi Rui Co., LTD., Skymark Company S.A., Zhang Sherwin, AB SICAV I - Financial Credit Portfolio, AB High Income Fund, Inc., AB SICAV I - Global Income Portfolio, AB SICAV I - US High Yield Portfolio, AB Canada Core Plus Long Duration Bond Fund, AB FCP I - Global High Yield Portfolio, AB SICAV I - Global Dynamic Bond Portfolio, AllianceBernstein Dynamic Global Fixed Income Fund, Red White Investment, Ltd., Solar Talent International Limited, Raymond B.V.I. Limited, Creditincome Pension Scheme, Song Wen Tyng, AB Collective Investment Trust Series - AB US High Yield Collective Trust, AB Bond Fund, Inc. - AB Income Fund, AB Canada Core Plus Advanced Bond Fund, Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open, AB Bond Fund, Inc. - AB Total Return Bond Portfolio, AB SICAV I - All Market Income Portfolio, Rui Gi Lou International Co., LTD., KSH Financial Holdings Limited, Bybrook Capital Master Fund LP, Kamina Holdings Limited, AB SICAV I - Short Duration Income Portfolio, Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund, Exclusive Plus Project Management, AB SICAV I - Sustainable Euro High Yield Portfolio, AB Active ETFs, Inc. - AB Short Duration Income ETF, Luen Po BVI, Westonbirt Fund LP, AB SICAV I - Global Plus Fixed Income Portfolio, AB Active ETFs, Inc. - AB High Yield ETF, Creditincome Limited, Double Plateau Holdings LLC, Sanford C. Bernstein Fund, Inc. - AB Intermediate |

Duration Portfolio, The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund, AB LP were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/27/2025)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/06/2025 18:24:00 | | | |
| PACER Login: | qeus0044 | Client Code: | 12054-00006 |
| Description: | Docket Report | Search Criteria: | 1:24-cv-04316-DEH |
| Billable Pages: | 30 | Cost: | 3.00 |

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREDITINCOME LIMITED et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE SWISS CONFEDERATION, <br><br> Defendant. | 24 Civ. 4316 (DEH) <br><br> **OPINION** <br> **AND ORDER** |

DALE E. HO, United States District Judge:

In 2023, Defendant the Swiss Confederation ("Switzerland") facilitated a merger between two banks, Credit Suisse AG ("Credit Suisse") and UBS Group AG ("UBS"). UBS subsequently bought Credit Suisse. As a result of the buyout, debt securities issued by Credit Suisse called "Additional Tier 1 Bonds" ("AT1s") were written down to zero, resulting in their permanent cancellation. Plaintiffs, 51 beneficial owners of the written-down AT1s, subsequently brought this suit against Switzerland, arguing that it is responsible for the write-down and, consequently, for their lost investments. Plaintiffs' claim sounds in conversion or, in the alternative, tortious interference with contract. They also allege that Switzerland violated New York General Business Law § 349 and are liable for common law unjust enrichment. Switzerland has moved to dismiss. *See* ECF No. 84. For the reasons explained below, Switzerland's Motion is **GRANTED**.

## BACKGROUND

Unless otherwise specified, the following facts are taken from Plaintiffs' Amended Complaint and the documents incorporated by reference therein. *See Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021).[1] The Court assumes these facts are true for the purpose of

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

adjudicating Switzerland's Motion to Dismiss.  *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013).  The Court construes these facts in the light most favorable to Plaintiffs as the non-moving party.  *See id.*

Credit Suisse was, at one point, one of the two largest banks in Switzerland.  Am. Compl. ¶ 80, ECF No. 44.  But by the "early 2020s, it became enmeshed in fraud and corruption scandals, leading to massive fines, civil litigation, and resulting capital outflows."  *Id.* ¶ 81.  In 2022, after "Credit Suisse was "fined $22 million" "by Swiss authorities for helping Bulgarian cocaine traffickers launder money," *id.* ¶ 84, and after "customers withdrew CHF 111 billion from Credit Suisse" (accounting for "8% of all assets under management"), *id.* ¶ 86, the Swiss government began preparing "potential rescue plans" for the bank, *id.* ¶ 88.

Plaintiffs allege that, "beginning in Fall 2022, Switzerland began hosting secret, 'non-formalized non-meetings' with Credit Suisse and UBS 'to explore the fundamental feasibility of . . . the sale of Credit Suisse" to UBS.  *Id.* ¶ 93.[2]  "[A]t least five such meetings were held" between October and December 2022.  *Id.*  Then, "[i]n late December," Switzerland's banking regulator, the Swiss Financial Market Supervisory Authority ("FINMA"), *see id.* ¶ 66, "held a so-called 'non-meeting' with Credit Suisse's Chairman[] in which it demanded 'a concrete shortlist of potential

---

[2] This paragraph of the Amended Complaint, and numerous others, quote and cite to a document titled "The Management of the Federal Authorities in the Context of the CS Crisis, Report of the Parliamentary Commission of Inquiry."  *See* Am. Compl. ¶ 9 n.9.  This is, apparently, a "report into Credit Suisse's collapse" authored by "an exhaustive Swiss parliament commission."  *Id.* ¶ 9.  Plaintiffs acknowledge that the report is an "unofficial English translation."  *Id.* ¶ 9 n.9.  Switzerland opposes Plaintiffs' use of the report and argues that, "if plaintiffs seek to rely on the report to carry their burden of production on any disputed jurisdictional matters, they are required to submit a certified translation."  Def.'s Mem. Supp. Mot. Dismiss Am. Compl. ("Def.'s Mem.") at 9 n.2, ECF No. 85.  The Court reiterates that it accepts the allegations in the Amended Complaint as true for the limited purpose of adjudicating Switzerland's Motion to Dismiss, which includes allegations based on facts pulled from the disputed report.  *See Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 560 (2d Cir. 2020) (noting that, in determining issues of jurisdiction pursuant to the FSIA, the district court "review[s] allegations in the complaint and any undisputed facts," "resol[ves] . . . any disputed issues of fact," and "may look to evidence outside of the pleadings").

buyers, the establishment of a virtual data room,' and . . . 'the development of a scenario for a takeover by UBS,'" *id.* ¶ 94.

Over the following three months, from January through March 2023, "Switzerland was in constant, and sometimes daily, contact with Credit Suisse." *Id.* ¶ 95. During that time, Switzerland "talked Credit Suisse through the possibilities and pitfalls of different potential buyers, the 'cultural difference' between UBS and Credit Suisse, and the 'synergies' between them." *Id.* It also "instructed [Credit Suisse] to add further key documents to [its] data room." *Id.* Switzerland then gave UBS access to Credit Suisse's data room, urging UBS to "acquire Credit Suisse" and warning UBS that, "if it failed to do so, Credit Suisse might be placed into Resolution." *Id.* ¶ 96.[3] Indeed, Switzerland had "spent months perfecting" Resolution plans, as well as "plans for the temporary nationalization of Credit Suisse," which were "ready for signature in March 2023." *Id.* ¶ 89.

"While Switzerland was urging UBS to acquire Credit Suisse, it was also pressuring Credit Suisse to agree to the merger." *Id.* ¶ 97. On the same day Switzerland had its conversation with UBS, where it urged UBS to acquire Credit Suisse, "Switzerland and the [Swiss National Bank ("SNB")] extended to Credit Suisse CHF 50 billion in emergency loans." *Id.* Purportedly as a condition of the loans, Switzerland "told the CEO and Chair of Credit Suisse: 'You will merge with UBS and announce Sunday evening before Asia opens. This is not optional.'" *Id.*

---

[3] Resolution, a tool developed "[i]n the wake of the 2008 financial crisis," "is the principal rescue mechanism" "to prevent distressed banks from failing and to rescue distressed banks from collapse." Am. Compl. ¶ 74. "Resolution generally entails placing large, systematically important banks into receivership. In a Resolution process, national financial authorities act as receiver to restructure the banks' assets and liabilities . . . . Leadership is immediately replaced, [and] corporate operations are stabilized . . . ." *Id.* Generally, a bank is not permitted to exit Resolution until it "reaches an agreement with creditors to swap prior debts for new debt or equity." *Id.*

UBS subsequently bought Credit Suisse.[4]  "On Sunday, March 19, 2023, Switzerland, FINMA, the SNB, UBS, and Credit Suisse announced . . . that UBS would purchase Credit Suisse for the equivalent of $3.4 billion.  As per the transaction, Switzerland offered Credit Suisse CHF 200 billion in increased liquidity and UBS a CHF 9 billion guarantee against losses arising from the Takeover." *Id.* ¶ 108.  Credit Suisse and UBS did not directly negotiate the terms of the merger. *See id.* ¶ 99.  Instead, "Switzerland negotiated with each bank on behalf of the other."  *Id.*

One consequence of the merger was that Credit Suisse's AT1s were written down.[5]  "As of March 2023, there was a $275 billion AT1 market worldwide[, with] Credit Suisse's $17.3 billion in outstanding AT1s ma[king] up . . . just over 6% of that market."  *Id.* ¶ 79.  But Credit Suisse's $17.3 billion in AT1s were "wipe[d]-out" upon its acquisition by UBS. *Id.* ¶ 111.  FINMA instructed Credit Suisse to write down its AT1s, issuing, on the day the merger was announced, a directive stating as much.[6]  *Id.*  Its legal authority to issue such a directive was derived from "an emergency ordinance," issued by "the Swiss Federal Council (Switzerland's executive branch)," that was "good for one day only, [and] provid[ed] that 'FINMA [could] order the borrower and the financial group to write down additional Tier 1 capital." *Id.* ¶ 121.  This legislation was necessary because the direction to write down the AT1s was "impermissible under the AT1s' governing terms," which stated that they could be written down "only if (1) 'customary measures to improve' Credit Suisse's 'capital adequacy' were 'inadequate or unfeasible'; (2) Credit Suisse

---

[4] Plaintiffs refer to this as the "Takeover."  *See* Am. Compl. ¶ 4.  Subsequent references to the "Takeover" in language quoted from Plaintiffs' papers refer to UBS's acquisition/purchase of Credit Suisse.

[5] "AT1s are a type of bank debt securities known as contingent convertibles. AT1s are convertible because they can be converted from bonds into equity or written down, and contingent because the conversion or write-down can occur only in limited (and clearly defined) circumstances."  *Id.* ¶ 76.

[6] Plaintiffs refer to this as the "Write-Down Direction," *see* Am. Compl. ¶ 7, nomenclature the Court adopts for clarity.

'receive[d] an irrevocable commitment of extraordinary support from the public sector'; and (3) that support had, or imminently would have, the effect of improving Credit Suisse's capital adequacy." *Id.* ¶ 115. "These conditions were not met" at the time UBS bought Credit Suisse. *Id.* ¶ 116; *see also id.* ¶ 115 ("In March 2023, Credit Suisse had a crisis of confidence and a liquidity problem at most, and Switzerland was not authorized to issue a Write-Down Direction under these conditions. The bondholders agreed only to a write-down in response to capital adequacy problems, not liquidity issues."). And Credit Suisse itself believed "that the Write-Down Direction was not permissible under Swiss law or the AT1s' governing terms." *Id.* ¶ 118. Nonetheless, Credit Suisse "was legally compelled to carry out the Write-Down," *id.* ¶ 111, which resulted in the "New York-based DTC, the securities depository holding the bonds, . . . suspend[ing] all clearance and settlement of the AT1s[,] and [the] beneficial owners of interest in the AT1s immediately and inexorably lo[sing] their property," *id.*

Plaintiffs, beneficial owners of interest in Credit Suisse's written-down AT1s, subsequently filed this suit against Switzerland, arguing that they "should be compensated for the losses they suffered as a result of the Write-Down Direction." *Id.* at 34.

## DISCUSSION

Switzerland provides three grounds for this Court to dismiss Plaintiffs' Amended Complaint: for lack of jurisdiction, under the doctrine of *forum non conveniens*, or for failure to state a claim upon which relief can be granted. As explained below, the Court resolves this motion on jurisdictional grounds.

## I.    This Court's Jurisdiction Over Switzerland

Switzerland first argument for dismissal is that it is immune from suit under the Foreign Sovereign Immunities Act (the "FSIA"). Def.'s Mem. Supp. Mot. Dismiss Am. Compl. ("Def.'s Mem.") at 8, ECF No. 85. The Court agrees.

5

"The FSIA is a statute containing 'a comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state or its political subdivisions, agencies or instrumentalities.'" *Havlish v. Taliban*, No. 23 258 CV, 2025 WL 2447193, at *7 (2d Cir. Aug. 26, 2025) (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983)). It "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 559 (2d Cir. 2020). "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Id.* (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993)).

"To the extent the [FSIA] permits litigation against foreign states, it usually requires that the litigation be premised on the foreign state's private, commercial conduct." *Republic of Hungary v. Simon*, 604 U.S. 115, 131 (2025). At issue in this case is the so-called commercial-activity exception, Section 1605(a)(2), which abrogates a foreign state's sovereign immunity when it engages in such commercial conduct. Section 1605(a)(2) provides, in relevant part, that:

> (a) A foreign state *shall not be immune* from the jurisdiction of courts of the United States or of the States *in any case—(2) in which the action is based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere* **and that act causes a direct effect in the United States**.

*Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69, 74 (2d Cir. 2010) (emphases in original) (quoting 28 U.S.C. § 1605(a)(2)).

"Plaintiffs' claims are 'based . . . upon' the Write-Down Direction," Am. Compl. ¶ 62, which they claim was "an act" taken "outside the territory of the United States in connection with a commercial activity under 28 U.S.C. § 1605(a)(2) because it was undertaken by Switzerland, in Switzerland in connection with Switzerland's brokering of the Takeover," *id.* ¶ 63. The Write-Down Direction, Plaintiffs claim, "caused a direct effect in the United States" because it "caused

6

the AT1s to be canceled, delisted, and lose all value in New York," where they were cleared and held by DTC. *Id.* ¶ 64. Switzerland disputes this contention, advancing two arguments: that the "act of FINMA"—that is, when FINMA "ordered Credit Suisse to write down its AT1 regulatory capital" "[f]ollowing the [Swiss Federal Counsel's] enactment of the [emergency] ordinance," Def.'s Mem. at 7, 9-10—"does not establish jurisdiction under § 1605(a)(2)" because it was neither taken "'in connection with a commercial activity' of Switzerland" nor "cause[d] a direct effect in the United States," *id.* at 10 (quoting 28 U.S.C. § 1605(a)(2)). The Court begins by considering whether the Write-Down Direction was an act that was (A) taken in connection with (B) a commercial activity of Switzerland." [7]

### A.    *"In Connection With"* A Commercial Activity

The parties dispute whether, in issuing the Write-Down Direction, Switzerland took an act "*in connection with* a commercial activity" of Switzerland, where the "commercial activity" is (according to Plaintiffs) the facilitation of UBS's acquisition of Credit Suisse. "The Second Circuit has instructed that 'the statutory term "in connection," as used in the FSIA, is a term of art,' and is to be 'interpreted narrowly.'" *Fir Tree Cap. Opportunity Master Fund, LP v. Anglo Irish Bank Corp.*, No. 11 Civ. 955, 2011 WL 6187077, at *17 (S.D.N.Y. Nov. 28, 2011) (quoting *Garb v. Republic of Poland*, 440 F.3d 579, 587 (2d Cir. 2006)). "[A]cts are 'in connection' with commercial activity so long as there is a 'substantive connection' or a 'causal link' between them and the commercial activity." *Garb*, 440 F.3d at 587; *see also Anglo-Iberia Underwriting Mgmt.*

---

[7] A defendant seeking sovereign immunity bears the burden of establishing a prima facie case that it is a foreign sovereign. *Pablo Star*, 961 F.3d at 559-60. Plaintiffs acknowledge that Switzerland is, in fact, a foreign sovereign. *See* Am. Compl. ¶ 59. Thus, the burden has shifted back to Plaintiffs to "make an initial showing that an enumerated exception to sovereign immunity applies." *Pablo Star*, 961 F.3d at 560. The Court therefore *begins* its analysis here, understanding that "once the plaintiff has met its initial burden of production, the defendant bears the burden of proving, by a preponderance of the evidence, that the alleged exception does not apply." *Id.*

*v. P.T. Jamsostek*, 600 F.3d 171, 178 (2d Cir. 2010) (same). An act cannot be "in connection with" commercial activity when it has "only an attenuated connection" to that commercial activity. *Drexel Burnham Lambert Grp., Inc. v. Comm. of Receivers for Galadari*, 12 F.3d 317, 330 (2d Cir. 1993).

Plaintiffs and Switzerland's dispute on this point turns on, essentially, whether the Write-Down Direction was independent of Switzerland's facilitating Credit Suisse's acquisition by UBS. Plaintiffs state that "Switzerland has asserted that the Write-Down Direction was 'necessary,' meaning that the Takeover would not have happened without it." Pls.' Mem. Opp'n to Def.'s Mot. Dismiss ("Pls.' Opp'n") at 11, ECF No. 92 (citing Am. Comp. ¶¶ 9, 63). They argue that Switzerland was compelled to issue the Write-Down Direction because it "performed poorly as a sell-side advisor" to Credit Suisse by "limit[ing] bidding to UBS, giving UBS leverage to demand the Write-Down Direction." *Id.* at 11-12. "At minimum," they argue, "Switzerland issued the Write-Down Direction to help effectuate the Takeover. All this establishes a sufficient connection." *Id.* at 12.

Switzerland, conversely, argues that the Write-Down Direction was independent of the banks' merger. Drawing directly from a report FIMA issued in 2018, Switzerland avers that "the write-down order was not 'in connection with'" its "activity concerning the merger" because "a write down of the AT1 notes would have happened even if the merger did not." Def.'s Reply Mem. Supp. Mot. Dismiss Am. Compl. ("Def.'s Reply") at 4, ECF No. 95.[8] This is because, apparently, had UBS not acquired Credit Suisse, Switzerland would have pursued "a Resolution

---

[8] Here, and elsewhere, Switzerland cites a FINMA-issued report called, "Lessons Learned from the CS Crisis," which is attached as an exhibit to a declaration by FINMA's Head of Legal and Compliance. *See* Mauerhofe Decl., ECF No. 98; FINMA, Lessons Learned from the CS Crisis, ECF No. 98-1.

solution—i.e., a government-supervised restructuring plan" for Credit Suisse,[9] under which "[t]he AT1 instruments would also have been completely written off, with the result that the AT1 creditors would also have lost their entire investment." Def.'s Mem. at 14-15. Plaintiffs take issue: with the substance of this argument, claiming that "Switzerland's contention is wrong," Pls.' Opp'n at 12; with the premise of this argument, arguing that the "connections" between the Write-Down Direction and the merger "still exist, even if the Write-Down Direction might have issued in other hypothetical scenarios," *id.*; and with Switzerland's substantiation of its argument by citation to the FINMA report, which they claim is "inadmissible," *id.* at 12-13.

Ultimately, the Court need not resolve the parties' dispute on this point. Even if Plaintiffs are correct that the Write-Down Direction was "in connection with" Credit Suisse's acquisition by UBS, as explained below, Switzerland's facilitation of the banks' merger was not "commercial activity" within the meaning of the FSIA.

### B. Switzerland's "*Commercial Activity*"

"The FSIA defines 'commercial activity' as 'either a regular course of commercial conduct or a particular commercial transaction or act.'" *Pablo Star*, 961 F.3d at 560 (quoting 28 U.S.C. § 1603(d)). "[T]his definition 'leaves the critical term "commercial" largely undefined.'" *Id.* (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 612, (1992)). That said, the Act does counsel that "the commercial character of an activity" should "be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 U.S.C. § 1603(d). Thus, the Supreme Court has explained that, in evaluating whether a foreign sovereign's act is "commercial" for purposes of the FSIA,

> the question is not whether the foreign government is acting with a profit motive or instead with the aim of fulfilling uniquely sovereign objectives. Rather, the issue is whether the particular actions that the foreign state performs (whatever the motive

---

[9] *See supra* note 3.

behind them) are the *type* of actions by which a private party engages in "trade and traffic or commerce."

*Weltover*, 504 U.S. at 614. "This is a standard more easily stated than applied, however," and "[s]eparating the 'nature' from the 'purpose' of an activity may require a nuanced examination of the context of the acts involved." *Pablo Star*, 961 F.3d at 561. Ultimately, "when a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA." *Weltover*, 504 U.S. at 614. And critically, a foreign state engages in commercial activities for purposes of the FSIA when "it exercises *only* those powers that can also be exercised by private citizens." *Id.* (emphasis added).

The parties' disagreement centers on whether, in brokering the deal between Credit Suisse and UBS, Switzerland was acting like an "investment bank[] . . . facilitating a takeover," Pls.' Mem. at 8, or whether "[t]he actions of the Federal Council, the Swiss National Bank and FINMA . . . were all undertaken using their governmental powers," Def.'s Mem. at 10. The Court recounts that, per the Amended Complaint, Switzerland:

- "Held a so-called 'non-meeting' with Credit Suisse's Chairman, in which it demanded 'a concrete shortlist of potential buyers, the establishment of a virtual data room,' and . . . 'the development of a scenario for a takeover by UBS,'" Am. Compl. ¶ 94;

- "[T]alked Credit Suisse through the possibilities and pitfalls of different potential buyers, the 'cultural differences' between UBS and Credit Suisse, and the 'synergies' between them," *id.* ¶ 95;

- "[I]nstructed [Credit Suisse] to add . . . key documents to [its] data room," *id.*;

- "[M]et with UBS leadership, urged UBS to acquire Credit Suisse, and . . . gave UBS access to Credit Suisse's data room," and warned that if UBS did not acquire Credit Suisse, the latter "might be placed into Resolution," *id.* ¶ 96;

- "[P]ressur[ed] Credit Suisse to agree to the merger" and told the CEO and Chair of Credit Suisse, "[y]ou will merge with UBS and announce Sunday evening before Asia opens. This is not optional;" *id.* ¶ 97;

- "[E]xtended to Credit Suisse CHF 50 billion in emergency loans . . . ," *id.*;

- "[N]egotiated with each bank on behalf of the other," *id.* ¶ 99;

- "[H]ad high-level officials meet with the banks individually to settle on terms; agreed to extend the financing necessary to make the deal happen; lobbied financial authorities in Germany, France, the UK and the United States not to block the deal; sold the deal to at least one major Credit Suisse investor based in the Middle East; and . . . declined, on Credit Suisse's behalf, that investor's offer to inject $3.5 billion into Credit Suisse to stabilize the company," *id.*;

- "[O]ffered Credit Suisse CHF 200 billion in increased liquidity and UBS a CHF 9 billion guarantee against losses arising from the Takeover," *id.* ¶ 108; and

- "[I]ssued the Write-Down Direction to Credit Suisse," *id.* ¶ 111, but only after "issu[ing] an emergency ordinance that authorized" it; *id.* ¶ 121.

Viewed in isolation, at least some of these acts could be properly characterized as "commercial activity," because they are instances of Switzerland exercising "powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns." *Pablo Star*, 961 F.3d at 561. But when looking at the full range of Switzerland's actions, and the overall context in which it performed them, the Court concludes that Switzerland's facilitation of UBS's acquisition of Credit Suisse did not constitute "commercial activity" for purposes of the FSIA, as it did not consist of the exercise of "only those powers that can also be exercised by private citizens." *Weltover*, 504 U.S. at 614. This is apparent from several factors, including the nature of the loans and guarantees provided by Switzerland to Credit Suisse and UBS; the manner in which Switzerland directed the transaction between the parties; and the legislation that Switzerland passed to implement the deal, which included the waiver of normally applicable legal requirements for shareholder approval of mergers. In combination, these factors compel the conclusion that Switzerland's facilitation of the Credit Suisse-UBS transaction was not commercial activity for purposes of the FSIA exemption.

11

First, start with the extraordinary nature of the loans to Credit Suisse and the financial guarantees to UBS that Switzerland made "to facilitate the Takeover." Pls.' Mem. at 8 (citing Am. Compl. ¶¶ 97-98.). Specifically, Switzerland issued at least "CHF 50 billion in emergency loans" to Credit Suisse, Am. Compl. ¶ 97, and offered the bank "CHF 200 billion in increased liquidity" "as part of the transaction," *id.* ¶ 108. It also "extended to UBS a CHF 9 billion loss protection guarantee covering certain assets of Credit Suisse." Def.'s Mem. at 11; *see also* Am. Compl. ¶ 100. For their part, Plaintiffs say Switzerland's actions were commercial because "'borrowing money and hiring investment banks' are commercial acts" and "[s]o is lending money and acting as an investment bank." Pls.' Mem. at 8. At that level of generality, Switzerland's actions could perhaps be considered as analogous to those "exercised by private citizens," as private financial institutions issue loans and loss protection guarantees. *Cf. Pablo Star*, 961 F.3d at 561-62 (explaining that determining whether a foreign state engaged in commercial activity "may sometimes depend on the level of generality at which the conduct is viewed").

But this is a not a case where a foreign state issued "garden variety" financial assistance, as the Republic of Argentina did in *Weltover*. There, the Supreme Court held that Argentina's issuance of bonds was a "commercial activity" under the FSIA because the bonds were "in almost all respects garden-variety debt instruments: They [could] be held by private parties; they [were] negotiable and [could] be traded on the international market (except in Argentina); and they promise[d] a future stream of cash income." *Weltover*, 504 U.S. at 615. Here, by contrast, Switzerland's extraordinary financial assistance involved hundreds of billions of Swiss francs worth of loans to Credit Suisse and 9 billion in guarantees to UBS that were hardly "garden variety"—they were not negotiable or tradeable, but rather were made available only to UBS and Credit Suisse. *See* Def.'s Reply at 3; *cf.* Am. Compl. ¶ 108 (describing the loans and guarantees at issue). Moreover, the scale of these loans and guarantees far exceeds comparable activities by

private actors in the market. Indeed, here, a private party—a "major Credit Suisse investor based in the Middle East"—offered to inject $3.5 billion into Credit Suisse to stabilize the company, a drop in the bucket compared to the hundreds of billions in emergency liquidity that Switzerland eventually provided. Am. Compl. ¶ 99.[10] The scale is so dissimilar as to render the difference categorical, rather than simply one of degree.

The extraordinary nature of these guarantees—in terms of both their form and their amounts—demonstrates that Switzerland was not operating like a private commercial lender. Rather, it was operating as a nation seeking to stabilize a major financial institution of systemic importance, in order to "prevent a broader disruption to financial markets." Def.'s Mem. at 10.[11]

_____

[10] For reference, the average exchange rate of the Swiss Franc (CHF) to the U.S. Dollar in 2023 was 1 CHF : 1.1137 USD. *See Swiss Franc to US Dollar History: 2023*, ExchangeRates.org.uk, https://www.exchangerates.org.uk/CHF-USD-spot-exchange-rates-history-2023.html [https://perma.cc/GXC3-MNE6] (last visited Sept. 26, 2025). The Court assumes that the relatively equal value of Swiss Francs and US Dollars is not disputed by the parties, but notes that it may take judicial notice of the exchange rate because "[o]n a Rule 12(b)(1) motion challenging the . . . court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (referencing Fed. R. Civ. P. 12(b)(1)); *see also Jamsostek*, 600 F.3d at 175 (same).

[11] Plaintiffs note that private actors have historically also taken actions with the purpose of rescuing distressed financial institutions, "like J.P. Morgan in the Panic of 1907." Pls.' Mem. at 8. But as noted, *supra*, it is not the purpose but the nature of a government's actions that matters in determining whether they are commercial for purposes of the FSIA exemption. As explained *supra*, Switzerland's actions here were extraordinary in nature. And while it is unnecessary to and plays no role in the Court's ultimate decision, a more recent J.P. Morgan example puts the deal in perspective. J.P. Morgan's landmark 2008 acquisition of Bear Stearns—then "the fifth largest investment bank in the world"—was for $10 a share, *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 455, 560 (S.D.N.Y. 2011), which translated to a cost of about $1.2 billion for J.P. Morgan, *see* Landon Thomas, Jr. & Eric Dash, *Seeking Fast Deal, JPMorgan Quintuples Bear Stearns Bid*, N.Y. Times (Mar. 25, 2008), https://archive.nytimes.com/www.nytimes.com/2008/03/25/business/25bear.html [https://perma.cc/9LJP-PREZ]. That figure—which, incidentally, was backed by the Federal Reserve Bank of New York guaranteeing $29 billion in losses (after the first $1 billion), *see id.*— is less than the approximately $3.4 billion that UBS paid for Credit Suisse, *see* Am. Compl. ¶ 108. And it is dwarfed by Switzerland's loans and guarantees here, which were of a fundamentally

That is not to say that the Court's conclusion here—that Switzerland's actions were those of a sovereign rather commercial under the FSIA—hinges on Switzerland's *purpose*. *See* 28 U.S.C. § 1603(d) (instructing that "[t]he commercial character of an activity" should "be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose"). The Court simply describes the context in which Switzerland was acting, because without "some understanding of context," simply describing the actions at issue "is not much help in distinguishing sovereign from commercial conduct." *Pablo Star*, 961 F.3d at 562. Here, the broader context helps illustrate that the extraordinary *nature* of Switzerland's "activities did not equate to those of an independent actor in the private [financial] marketplace . . . but were sovereign in nature and outside the commercial activity exception to the FSIA." *Barnet v. Ministry of Culture & Sports of the Hellenic Republic*, 961 F. 3d 193, 202 (2d Cir. 2020) (describing reasoning of and quoting language from *Jamsostek*, 606 F.3d at 178).

Second, in facilitating UBS's acquisition of Credit Suisse and demanding that Credit Suisse agree to the deal, Switzerland went far beyond the sorts of services that a private broker provides. Rather, the allegations in the Amended Complaint reveal that Switzerland was the driving force behind the deal and left Credit Suisse with virtually no choice in matter. As the Amended Complaint alleges, in a "non-meeting" with Credit Suisse's chairman, Switzerland, through FINMA, "*demanded* 'a concrete shortlist of potential buyers, the establishment of a virtual data room,' and . . . 'the development of a scenario for a takeover by UBS.'" Am. Compl. ¶ 94 (emphasis added). Switzerland then gave UBS access to Credit Suisse's data room, urging UBS to "acquire Credit Suisse" and warning UBS that, "if it failed to do so, Credit Suisse might be placed into Resolution." *Id.* ¶ 96. Switzerland subsequently "pressur[ed] Credit Suisse to agree

---

different nature from the acts of the private commercial actors (UBS and J.P. Morgan) in these acquisitions.

to the merger" and told the CEO and Chair of Credit Suisse, "[y]ou *will* merge with UBS and announce Sunday evening before Asia opens. This is *not optional*." *Id.* ¶ 97 (emphases added). And in making its own loans and liquidity assistance to Credit Suisse, Switzerland, on behalf of the bank, rejected an offer of liquidity assistance from a private investor. *See id.* ¶ 99.

Plaintiffs argue that, in "broker[ing] the Takeover," Switzerland simply took steps that are analogous to what "investment banks do when facilitating a takeover." Pls.' Mem. at 8. This includes setting up meetings between the banks, negotiating the terms of the buyout on each bank's behalf, and talking "Credit Suisse through the possibilities and pitfalls of different potential buyers, the 'cultural differences' between UBS and Credit Suisse, and the 'synergies' between them." Am Compl. ¶ 95; *see also id.* ¶ 98 ("Switzerland acted as an investment bank, using the promises of financial guarantees to UBS and low-interest loans to Credit Suisse to broker a merger between [its] two largest banks."). It is of course true that private actors regularly help facilitate companies' mergers and buyouts by, *inter alia*, participating in contract negotiations. *See, e.g.*, *Good v. Aramco Servs. Co.*, 971 F. Supp. 254, 257 (S.D. Tex. 1997) ("Commercial activity includes contract negotiations . . . ." (citing *Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1108-09 (5th Cir. 1985)). Thus, courts have held that a foreign sovereign "did not exercise uniquely sovereign powers when it negotiated a contract with the plaintiffs [and] facilitated investment in the proposed [state-owned] business." *Millicom Int'l Cellular v. Republic of Costa Rica*, 995 F. Supp. 14, 21 (D.D.C. 1998); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1133 (9th Cir. 2012) ("[A] foreign nation's contract negotiations, including a meeting, and telephone and wire communications, are commercial activity . . . .").[12]

---

[12] *See also Broker*, Black's Law Dictionary (12th ed. 2024) (defining a "broker" as "[o]ne who is engaged for another, usually on a commission, to negotiate contracts relating to property in which he or she has no custodial or proprietary interest," or as "[a]n agent who acts as an intermediary or negotiator, especially between prospective buyers and sellers"); Fed. Sec. L. Rep. P. 21157.28

But here, Switzerland did more than simply advise a client or broker a deal. Rather, as the Amended Complaint alleges, it "demanded" that Credit Suisse take steps to prepare for a deal; warned that without the UBS deal, Credit Suisse "might be placed into Resolution"; rejected a private investor's offer of liquidity assistance to Credit Suisse in favor of its own; and then once the terms with UBS were in place, told Credit Suisse's CEO and Chair that the merger "will" happen and that it was "not optional." Am. Compl. ¶¶ 94, 96, 97, 99. As Switzerland notes, "[t]hat is just the opposite of how an investment bank behaves with its client. Investment banks take directions, not give them . . . ." Def.'s Reply at 2. Plaintiffs contend that "Credit Suisse obeyed because of Switzerland's financial inducements, not legal compulsion." Pls.' Mem. at 10. But their use of the word "obey" is rather telling. There is a world of difference between, on one hand, a private adviser cautioning a client that failing to make a deal could result in bankruptcy, and then allowing the client to make the final decision, and, on the other hand, a government demanding a deal, saying that it is not optional, and warning that a failure to comply might result in the bank being placed in Resolution—particularly when, as Plaintiffs allege, that government had already "spent months perfecting" Resolution plans, as well as "plans for the temporary nationalization," which were "ready for signature" at that precise moment. Am. Compl. ¶ 89. One is strong advice backed by a prediction; the other is a thinly veiled threat by a government to exercise its sovereign power, perhaps to go so far as to nationalize the company.

And finally, the extraordinary financial relief here was authorized and implemented through legislation that altered legal requirements in order to facilitate the merger. As the Supreme

---

(C.C.H.) (describing registration requirement for "[a] private investment bank firm, doing business as . . . a negotiator of mergers and sales of assets"); *Partner Reinsurance Co. v. RPM Mortg., Inc.*, No. 18 Civ. 5831, 2019 WL 3802235, at *2 (S.D.N.Y. Aug. 13, 2019) (describing private investment bank and law firm as being retained "to assist in negotiating [a] [m]erger [a]greement" between two companies).

Court observed in *Nelson*, "acts [such] as legislation . . . cannot be performed by an individual acting in his own name. They can be performed only by the state acting as such." 507 U.S. 349. *See also Barnet*, 961 F.3d at 201 (observing that "the enactment and enforcement of laws" does not normally constitute commercial activity for purposes of the FSIA exemption). To be sure, as Plaintiffs note, "[a]ll foreign states act via statutes, regulations, and ordinances." *See* Pls.' Mem. at 10. The means through which Switzerland acted (i.e., that it enacted ordinances) is not by itself dispositive. If a state enacted legislation that did nothing more than simply direct an indisputably commercial transaction, such as the buying or selling of goods or services, that would ordinarily satisfy the commercial activity exception under the FSIA. *Cf. Weltover*, 504 U.S. at 614-15 ("[A] contract to buy army boots or even bullets is 'commercial' activity, because private companies can similarly use sales contracts to acquire goods."). But here, the *substance* of the legislation points to the conclusion that the activity in question was not commercial for purposes of the FSIA. The Swiss "Federal Counsel, exercising its constitutional authority, enacted ordinances that . . . waived normally applicable legal requirements for shareholder approval of mergers, . . . and confirmed FINMA's supervisory authority to order a write-down of Credit Suisse's Additional Tier 1 capital." Def.'s Mem. at 10-11. These actions involved exercises of "powers peculiar to sovereigns." *Weltover*, 504 U.S. at 614. As the Supreme Court has made clear, "a foreign government's issuance of [financial] regulations . . . is a sovereign activity, because such authoritative control of commerce cannot be exercised by a private party." *Id.* If the issuance of financial regulations constitutes sovereign activity, then it follows that the waiver of them for a particular transaction does as well.

Plaintiffs, however, describe Switzerland's waiver of normally applicable legal requirements for shareholder approval of mergers as "akin to corporate boards' commercial power to override shareholder approval of mergers" under Delaware law. Pl. Mem. at 11 (citing Del.

Code tit. 8 § 251(d)).  The Court fails to see an apt analogy here.  Delaware law provides that "[a]ny agreement of merger or consolidation may contain a provision that . . . the agreement may be terminated by the board of directors . . . notwithstanding approval of the agreement by the stockholders of all or any of the constituent corporations."  Del. Code tit. 8 § 251(d).  This simply authorizes a merger agreement to provide that the corporation's own board can terminate the agreement notwithstanding shareholder approval.  The exercise of such veto power by a Board is simply an exercise of the Board's rights in accordance with the terms of a merger agreement under existing (Delaware) law.  But *changing* the legal requirements for a merger (or eliminating some of them)—here, through bespoke financial legislation to enable UBS to acquire Credit Suisse—is something that only a *sovereign* can do.

Indeed, Plaintiffs seem to acknowledge this point, stating that "at worst, this would be the one . . . sovereign act Switzerland took."  Pls.' Mem. at 11.  But they nevertheless assert that the commercial activity exception under the FSIA remains applicable because "the Write-Down Direction was connected to five months of Switzerland's other commercial acts."  *Id.*  To the extent that Plaintiffs appear to argue that the exception applies because some of Switzerland's acts might fall within the ambit of private commercial activity, that argument fails as well.  When courts undertake a commercial activity exception analysis, the question is not whether a foreign sovereign, in taking "an act outside the territory of the United States in connection with [its] commercial activity of the foreign state elsewhere," 18 U.S.C. § 1605(a)(2), engages in *some* activity that could be performed by a private, non-sovereign actor.  Rather, the inquiry as to whether the commercial activity exception applies turns on whether the foreign sovereign "exercises *only* those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns."  *Pablo Star*, 961 F.3d at 561 (emphasis added) (quoting *Nelson*, 507 U.S. at 360).  "To hold otherwise and look only" at the fact that some of Switzerland's acts

18

here are those a private actor, like a bank, could take "would allow the [commercial activity] exception to swallow the rule of presumptive sovereign immunity codified in the FSIA." *Barnet*, 961 F. 3d at 202.

* * *

In sum, after conducting the requisite "nuanced examination of the context of the acts involved," *Pablo Star*, 961 F.3d at 561, the Court concludes that Switzerland's doings are not commercial in nature for purposes of the FSIA. The Court reaches this conclusion based on the unique combination of facts in this case, including the extraordinary nature of the loans and guarantees that Switzerland provided, in terms of both their form and size; the manner in which Switzerland demanded that the deal with UBS be consummated, which was backed by an implicit threat to use the nation's sovereign power to place Credit Suisse into Resolution or even to nationalize it; and the laws that Switzerland enacted, which included provisions for waiving normally applicable legal requirements for mergers. One or more of these acts might, when viewed in isolation, appear to be of a commercial nature. But when viewed in context, these acts collectively reflect the exercise of sovereign power, rather than "only those powers that can also be exercised by private citizens." *Nelson*, 507 U.S. at 360.

Because the Court holds that FINMA's directive to Credit Suisse to write down its AT1s was not an act taken in connection with a commercial activity of Switzerland, it need not determine whether the Write-Down Direction "cause[d] a direct effect in the United States." And because the commercial activity exception does not apply, the Court holds that Switzerland's sovereign immunity is not abrogated, meaning that the Court lacks subject-matter jurisdiction over Plaintiffs' claims. Finally, because Switzerland's Motion to Dismiss is granted on FSIA grounds, the Court declines to consider its other arguments for dismissal.

19

## CONCLUSION

For the reasons explained above, Switzerland's Motion to Dismiss is **GRANTED**. The Amended Complaint is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully requested to terminate ECF No. 84 and terminate this case.

SO ORDERED.

Dated: September 30, 2025

New York, New York

DALE E. HO
United States District Judge